J-S51042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NELSON JAMES SIMMONS | : | |
| | : | |
| Appellant | : | No. 3836 EDA 2016 |

Appeal from the PCRA Order October 28, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR0001338-2008

BEFORE:   BOWES, SHOGAN, JJ., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:          **FILED AUGUST 29, 2017**

Appellant appeals from the order of the Court of Common Pleas of Lehigh County denying his petition pursuant to the Post Conviction Relief Act ("PCRA").[1]   We vacate the PCRA court's order and remand for the appointment of counsel to assist Appellant in the litigation of this petition.

On November 20, 2008, Appellant was convicted of kidnapping, robbery of a motor vehicle, and criminal conspiracy.  On February 2, 2009, the trial court sentenced Appellant to an aggregate term of twenty-nine to eighty years' imprisonment.  On appeal, this Court affirmed the judgment of sentence on May 20, 2010 and the Supreme Court denied allowance of appeal on February 3, 2011.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

On January 25, 2012, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition. On April 12, 2012, the PCRA court granted Appellant's petition and reinstated Appellant's direct appellate rights *nunc pro tunc*. After an appeal was filed, this Court affirmed the judgment of sentence on March 20, 2013.

On April 24, 2013, Appellant filed another *pro se* PCRA petition. After counsel was again appointed, the PCRA court once again reinstated Appellant's direct appeal rights. After Appellant filed a notice of appeal, this Court affirmed the judgment of sentence on January 13, 2015, and the Supreme Court denied allowance of appeal on July 22, 2015.

On September 27, 2016, Appellant filed the instant PCRA petition, asserting that he was denied effective assistance of counsel as his counsel never informed him that his petition for allowance of appeal was denied by the Supreme Court on July 22, 2015. On October 10, 2016, the PCRA court notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court ultimately dismissed the petition on October 28, 2016. This timely appeal followed.

On appeal, Appellant argues that he is entitled to reinstatement of his rights to file a PCRA petition or a remand to assess his claims that PCRA counsel abandoned him on direct appeal by failing to notify him of the Supreme Court's July 22, 2015 decision. Appellant asserts that he did not receive any notice of this decision and only learned of its existence on August 2, 2016, after making an inquiry to the Supreme Court. The

Commonwealth agrees with Appellant and asserts that this Court should remand for the appointment of counsel to represent Appellant.

Appellant's claim of ineffectiveness of counsel is cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(ii). As Appellant brought two successful PCRA petitions which led to the reinstatement of his appellate rights *nunc pro tunc*, the instant PCRA petition should have been treated as his first petition seeking collateral relief. "It is now well[-]established that a PCRA petition brought after an appeal *nunc pro tunc* is considered [an] appellant's first PCRA petition, and the one-year time clock will not begin to run until this appeal *nunc pro tunc* renders his judgment of sentence final." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa.Super. 2007).

Moreover, our rules of criminal procedure provide that a criminal defendant is entitled to representation by counsel for the purpose of litigating a first PCRA petition through the entire process of collateral review. Pa.R.Crim.P. 904(c) (providing that "[e]xcept as provided in paragraph (H) [relating to death penalty cases], when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief"). "The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." ***Commonwealth v. Albrecht***, 554 Pa. 31, 43, 720 A.2d 693, 699 (Pa. 1998).

As a result, Appellant was entitled to the assistance of counsel in litigating this PCRA petition, which should be considered his "first" petition. Accordingly, we vacate the PCRA court's order denying Appellant's PCRA petition and remand for the appointment of counsel. Counsel thereafter must file an amended petition on Appellant's behalf or certify that the claims lack merit under the requirements set forth in **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Order vacated. Remand for appointment of counsel and further consideration of Appellant's petition consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2017